UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anthony Barclay<br><br>    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Chicago, IL at all times relevant to this action.

2. Defendant is a Virginia limited liability company that maintained its principal place of business in Norfolk, VA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Bank of America, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around February 7, 2011, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

14. The debt in question was listed on Plaintiff's bankruptcy petition.

15. On or around February 10, 2011, Defendant was mailed notice of Plaintiff's bankruptcy by the Bankruptcy Court.

16. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt on or around May 11, 2011.

17. During this communication, Plaintiff notified Defendant that Plaintiff filed bankruptcy and provided Plaintiff's case number.

18. During this communication, Defendant admitted to having previously received Plaintiff's bankruptcy notification.

19. Despite knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff on or around May 20 and May 23, 2011 in connection with the collection of the debt.

20. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff had filed bankruptcy.

21. Defendant caused Plaintiff emotional distress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

24. In support hereof, Plaintiff incorporates paragraphs 15-20 as if specifically stated herein.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Fax: 312-822-1064
    Email: jsh@legalhelpers.com
    Attorneys for Plaintiff